ORDER
FORDHAM, JUDGE:
An application of the claimant, Callahan W. Mabry, for an award under the West Virginia Crime Victims Compensation Act, was filed June 28, 2006. The report of the Claim Investigator, filed January 30,2007, recommended that no award be granted, to which the claimant filed a response in disagreement. An Order was issued on March 29, 2007, upholding the Investigator’s recommendation and denying the claim, in response to which the claimant’s request for hearing was filed April 6,2007. This matter came on for hearing May 18, 2007, the claimant appearing in person and by counsel, P. Todd Phillips, and the State of West Virginia by counsel, Ronald R. Brown, Assistant Attorney General.
On September 17, 2005, the 17-year-old claimant was the victim of criminally injurious conduct in Morgantown, Monongalia County. The claimant was struck in mouth by a group of men. As a result of this incident, the claimant suffered a lip laceration and a loose tooth.
This Court’s initial denial of an award was based on the Claim Investigator’s finding that the claimant was guilty of contributory misconduct within the meaning of the *328 statute. W. Va. Code § 14-2A-3(1) defines “Contributory Misconduct” as: “...any conduct of the claimant, or of the victim through whom the claimant claims an award, that is unlawful or intentionally tortious and that, without regard to the conduct’s proximity in time or space to the criminally injurious conduct, has a causal relationship to the criminally injurious conduct that is the basis of the claim and shall also include the voluntary intoxication of the claimant, either by the consumption of alcohol or the use of any controlled substance when the intoxication has a causal connection or relationship to the injury sustained....”
The claimant testified at the hearing of this matter that on the evening in question, he had been at a friend’s place playing video games and drinking a few beers. Mr. Mabry stated that he had two or three beers while he was at his friend’s place. At some time between 12:00 a.m. and 2:30 a.m., Mr Mabry was walking home on University Avenue. He stated that he was crossing a street when a vehicle traveling at a high rate of speed nearly struck him. Mr. Mabry stated that he had a green light to cross the street when he noticed the vehicle approaching, and that he had to dive onto the sidewalk to avoid being hit. Mr. Mabry said that he could hear men in the vehicle laughing at him and that there was also very loud music being played in the vehicle. After the vehicle continued on its way, Mr. Mabry testified that he began to stand up and that he made an obscene gesture and said “Learn to drive” under his breath when the vehicle was approximately fifty feet away from him. A short time and distance later, the vehicle reappeared and four males exited. The men surrounded the claimant and began swearing and laughing at him. Mr. Mabry attempted to get away from them, but they would not let him go. One of the men struck him once in the mouth, causing him to fall to the ground, before all four men fled the scene. Mr. Mabry testified that as a result of this incident, he was unable to finish the semester that had just begun at West Virginia University because he was afraid to leave his dorm room. He further testified that he withdrew from school as a result of the incident.
The Claim Investigator’s original finding was that the victim was guilty of contributory misconduct within the meaning of the statute. The original Order upheld the Claim Investigator’s finding, disallowing the claim. Thus it became the claimant’s burden to prove by a preponderance of the evidence that he was the innocent victim of a crime that fell within the statutory definition. The claimant testified that he had consumed a couple of beers earlier in the night, but that he was merely walking home when the vehicle almost hit him and the same vehicle’s occupants later confronted him. In light of the evidence put forth by the claimant, the Court is of the opinion that he has met his burden of proof. The evidence adduced at the hearing establishes that the claimant was an innocent victim of a crime when he was surrounded by the group of men, assaulted, and struck by one of them. The Court is of the opinion that the claimant’s underage drinking and his obscene gesture did not reach the threshold of making a causal connection with the assault and were not contributory to the subsequent incident; therefore, an award should be granted.
The Court is convinced by the evidence to reverse its previous ruling.
Based on the foregoing, the Claim Investigator is hereby directed to prepare an economic loss analysis to ascertain the claimant’s unreimbursed allowable expenses relating to the incident for further review by this Court.